UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **CHRISTINA WHITE** | : | **CASE NO. 3:13-cv-418** |
| **Plaintiff,** | : | |
| v. | : | **Magistrate Judge Sharon L. Ovington** |
| **WOEBER'S MUSTARD MANUFACTURING COMPANY, et al.** | : | |
| **Defendants.** | : | |

## STIPULATION & PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and by stipulation of the parties, the Court enters this Protective Order relating to discovery, in any form whatsoever, that is taken in connection with this matter. The Parties have agreed that there is the need for discovery in this litigation and that some of the information the Parties may seek or develop through discovery in this case may contain or consist of confidential and/or proprietary business information. The parties have further agreed that there is a need for a Protective Order to govern the discovery of such information. Accordingly, the Court hereby orders that discovery that is taken in connection with this matter is subject to the following terms and conditions:

**IT IS THEREFORE ORDERED:**

1. Any Party may designate as "Confidential" any material that it produces in the course of discovery proceedings herein when such Party in good faith believes such material contains sensitive personal and/or confidential medical, employment, personnel, commercial, financial, and/or proprietary business information (hereafter "Confidential Material"). Any of

1

Plaintiff's medical and/or psychological records produced pursuant to an authorization are automatically designated Confidential by Plaintiff. Any of the medical records of Plaintiff's husband produced pursuant to an authorization are also automatically designated Confidential by Plaintiff. For the purposes of this Protective Order, the Party designating information or material as Confidential Material is referred to as the "Designating Party";

2. All financial records, medical records and all information contained in such records shall be deemed "Confidential" and shall be clearly marked as such by the Party required to produce the documents (excluding the records addressed above, which are automatically deemed Confidential);

3. All Confidential Material shall be used only for the purpose of the proceedings in this case, including hearings, motions, trial and any appeals;

4. The Parties agree to limit the disclosure of Confidential Material and all information contained therein to only those individuals involved in the prosecution, defense and/or adjudication of this litigation, including Parties and/or current or former employees of the Parties who require access to Confidential Material for purposes of this litigation, Counsel for the respective parties, including in-house and outside counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation), necessary third-party advisors, the Court (including court reporters, stenographic reporters, and court personnel), expert witnesses, and other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

5. The Plaintiff's medical and psychological records automatically designated as confidential are further limited from disclosure. Unless said records relate to treatment for general anxiety disorder, debilitating migraines, and major depressive disorder, the Parties agree

2

to limit the disclosure of those records to only Counsel for the respective parties, including in-house and outside counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation), necessary third-party advisors, the Court (including court reporters, stenographic reporters, and court personnel), expert witnesses, and other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered;

6. Inadvertent production of any document and/or information without a designation of "Confidential" will not be deemed to waive a Party's claim to its confidential nature or prohibit any Party from subsequently designating said document or information as "Confidential." Documents produced before the entry date of this Order, or documents produced but not stamped as "Confidential," may retroactively be so stamped and shall not be construed to be a waiver, in whole or in part, of that Party's claims of confidentiality. Disclosure by the other Party prior to such later designation shall not be deemed a violation of the provisions of this Order;

7. In the event that Confidential Material is referenced in whole or in part and/or included in depositions, exhibits or other items filed with the Court, the Party submitting said Confidential Material shall, if also the Designating Party, either redact any and all Confidential Material from the document prior to filing. If the Party submitting said Confidential Material is not also the Designating Party, the submitting Party shall confer with the Designating Party to determine whether there is an acceptable way to redact the Confidential Material from the document prior to filing. If the Designating Party indicates that redaction is not agreeable, a party may, in lieu of redacting Confidential Material from a document, file a motion for the

documents to be preserved under seal, and upon the Judge signing an Order granting the party's Motion, shall submit the documents to the Court under seal;

8. Any designation that material is Confidential is subject to challenge by any party or nonparty with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the Confidential designation as to any documents subject to the objection, the Designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement;

9. Nothing in this Order shall affect the admissibility of any documents or other evidence at trial or hearing in this action;

10. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "Confidential" pursuant to this Protective Order are subject to protection under Rule 26 of the Federal Rules of Civil Procedure or otherwise, until such time as the Court may rule on a specific document or issue;

11. Upon completion of the above-captioned litigation, including the running of any time to appeal or to move for relief under Rule 60 of the Federal Rules of Civil Procedure, any and all copies of Confidential Material shall either be returned to the Designating Party or shall be destroyed.

**SO ORDERED:**

*/s/ Sharon L. Ovington*

**Magistrate Judge Sharon L. Ovington**

**SO STIPULATED AND APPROVED:**

SUBASHI & WILDERMUTH

/s/ Tabitha Justice
Nicholas E. Subashi (0033953)
nsubashi@swohiolaw.com
Tabitha Justice (0075440)
tjustice@swohiolaw.com
Lauren K. Epperley (0082924)
lepperley@swohiolaw.com
50 Chestnut Street, Suite 230
Dayton, Ohio 45440
(937) 427-8800
(937) 427-8816 (fax)
*Attorneys for Plaintiff Christina White*

/s/ Shannon L. Wahl
Randall M. Comer (0072567)
rcomer@martinbrowne.com
Shannon L. Wahl (0084074)
swahl@martinbrowne.com
Martin, Browne, Hull & Harper, PLL
One South Limestone Street, Suite 800
P.O. Box 1488
Springfield, Ohio 45501
Telephone: (937) 324-5541
*Attorneys for Defendants*